# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| PEOPLES ELECTRIC COOPERATIVE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | NO. CIV-09-1129-HE |
| | ) | |
| WESTERN FARMERS ELECTRIC | ) | |
| COOPERATIVE, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Plaintiff Peoples Electric Cooperative ("PEC") sued defendant Western Farmers Electric Cooperative ("WFEC"), alleging a number of claims. Presently before the court is WFEC's motion to dismiss PEC's claim for breach of fiduciary duty. [Doc. #43]. For reasons stated below, the court concludes the motion should be granted.

## BACKGROUND

The amended complaint alleges WFEC is a rural electrical generation and transmission ("G&T") cooperative made up of 19 rural distribution cooperative members. The WFEC generates electrical power and sells it to its members, one of which is PEC. PEC, in turn, sells the power to end users.

The amended complaint states that, in 1936, the federal government established an agency — now called the Rural Utilities Service ("RUS") — for promoting rural electrification by providing low-cost loans to fund the capital-intensive projects associated with power generation. As security for the loans, the RUS requires a G&T cooperative borrower to enter into long-term requirements contracts obligating its member-distributors

to purchase all electrical power from the G&T cooperative. The terms of these contracts are generally coextensive with the repayment period of the loans they are made to support, thus ensuring demand for the G&T cooperative's power until the loans are repaid.

According to the complaint, WFEC was formed in 1973 and took out a RUS loan. At that time, WFEC executed individual requirement contracts, called Wholesale Power Agreements, with each of its member-distributors, including PEC, which were set to expire in 2011. In 1978, the terms of those agreements were extended to 2025 after WFEC acquired additional financing from the RUS. Around 2000, WFEC concluded that an additional power plant was necessary to meet future demand. It approached the RUS about obtaining a loan for the project and was informed that a loan would only be made if WFEC member-distributors agreed to extend the term of their Wholesale Power Agreements from 2025 to 2050. In 2006, 17 of the 19 member-distributors — not including PEC — agreed to extend their terms.

The complaint further alleges that the RUS informed WFEC that, in prior situations where a distributor was unwilling to sign an extension, the RUS had authorized the G&T to offer a two-tier rate structure (the "R-15 schedule"). The R-15 schedule is alleged to have increased the rates of the non-extending members like PEC, so that their loans due in 2025 would be repaid at an accelerated pace. WFEC allegedly adopted such a schedule. This allegedly gave the RUS additional security to cover the fact that two of the distributors did not sign an extension accompanying the loan due in 2050. PEC contends that, at the rates it will be charged under the R-15 schedule, its operations are not viable. PEC alleges it is

faced with accepting the contract extension or going out of business.

As part of its suit against WFEC, PEC claims that WFEC breached its fiduciary duties by proposing and implementing the R-15 schedule at the expense of, and to the detriment of, PEC. [Doc. #41-1, ¶¶ 54-55]. WFEC contends that, as a matter of law, WFEC does not owe any such fiduciary duty to its members. [Doc. #43].

## STANDARD

Fed. R. Civ. P. 12(b)(6) permits a court to dismiss a claim when a party fails "to state a claim upon which relief can be granted." When considering whether the plaintiff's claims should be dismissed under Rule 12(b)(6), the court accepts all well-pleaded factual allegations as true and views them in the light most favorable to the plaintiff, the nonmoving party. Peterson v. Grisham, 594 F.3d 723, 727 (10th Cir. 2010). A claim will be dismissed if "the complaint does not contain enough facts to state a claim to relief that is plausible on its face." Anderson v. Suiters, 499 F.3d 1228, 1232 (10th Cir. 2007) (internal quotations omitted). "'[T]he mere metaphysical possibility that some plaintiff could prove some set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that this plaintiff has a reasonable likelihood of mustering factual support for these claims.'" Id. (quoting Ridge at Red Hawk, L.L.C. v. Schneider, 493 F.3d 1174, 1177 (10th Cir. 2007)).

## DISCUSSION

The parties agree that Oklahoma law governs the question of whether WFEC owes fiduciary duties to PEC. However, as to the specific circumstances alleged here — involving

a claim by a distribution cooperative against a G&T cooperative of which it is a member — there is no controlling Oklahoma authority. Oklahoma has recognized a fiduciary duty on the part of the trustees of a rural electric distribution cooperative to its ratepayers, Hargrave v. Canadian Valley Elec. Co-op, 792 P.2d 50, 57 (Okla. 1990), but it has not squarely addressed whether the co-op itself (as opposed to its trustees) owes such a duty. Moreover, it has also not addressed the question of whether fiduciary duties run in favor of a cooperative member that is itself a cooperative, as opposed to the ultimate ratepayers involved in Hargrave.[1]

Both parties have employed a sort of "all or nothing" approach to the present motion. WFEC essentially argues that fiduciary duties can never arise in a situation such as is alleged here. PEC argues that fiduciary duties might arise in some circumstances, but offers little detail or explanation as to why Oklahoma would recognize fiduciary duties in these particular circumstances. Neither argument is particularly persuasive.

WFEC argues that its duties to PEC are the same as those owed by a corporation to its shareholders and that a corporation does not owe fiduciary duties to its shareholders. It relies on language in Wilson v. Harlow, 860 P.2d 793, 798 (Okla. 1993), to the effect that

---

[1]*Plaintiff's brief inaccurately refers to Hargrave as involving claims asserted by the "member distribution cooperatives" and as having "specifically held" that the trustees of the G&T cooperative owe a fiduciary duty to its "member distribution cooperatives." Hargrave involved no such thing. The plaintiff in Hargrave was a ratepayer of the distribution cooperative who asserted claims against the trustees of both the distribution cooperative and the G&T cooperative. The court concluded the trustees of both entities had fiduciary duties to the ultimate ratepayers. Hargrave, 792 P.2d at 57 ("The Canadian Trustees had a fiduciary duty to the customers of Canadian, and the Western Trustees did likewise once the Canadian members became Western customers.").*

4

the "ratepayers/members of a[n electric] cooperative occupy a position of ownership analogous to the ownership of a corporation by its stockholders." WFEC further argues that Oklahoma would not recognize a shareholder's breach of fiduciary claim against a corporation, based on Oklahoma's view of Delaware law as persuasive authority[2] and Delaware authority explicitly so concluding.[3] WFEC also relies on decisions from other jurisdictions concluding, in various circumstances, that cooperatives do not owe fiduciary duties to their members.[4]

The court is unpersuaded that the Oklahoma courts would reach a conclusion as stark and clearcut as that urged by WFEC — that as a matter of law it owes no fiduciary duties to plaintiff under any circumstances. While its reliance on general corporate law principles provides some support for its position, its assumption that cooperatives must necessarily be viewed like corporations is suspect. The dicta in Wilson upon which WFEC relies — to the effect that the members of a co-op occupy a position of ownership analogous to that of shareholders to a corporation — does not say that their legal status is identical. "Analogous"

---

[2] *Oklahoma courts interpreting Oklahoma corporation law view Delaware decisions as persuasive authority.* Woolf v. Univ. Fidelity Life Ins. Co., *849 P.2d 1093, 1095 (Okla. Civ. App. 1992).*

[3] A.W. Financial Services, S.A. v. Empire Resources Inc., *981 A.2d 1114, 1127 n. 36 (Del. 2009)("Under Delaware law, the issuing corporation does not owe fiduciary duties to its stockholders.").*

[4] *It cites, among others,* Flegles, Inc. v. Truserv Corporation, *289 S.W. 3d 544 (Ky. 2009), where the court, analogizing to the franchisor/franchisee relationship, concluded there was no general fiduciary duty owed by a cooperative to its member and that the particular facts and circumstances alleged there did not provide some other basis for the existence of such duties.*

5

means similar, not identical. Indeed, Wilson explicitly acknowledged that corporations and cooperatives are not the same and that the distinction has potential significance in determining the existence of fiduciary duties. 860 P.2d at 798 ("However, *Hargrave* is clearly distinguishable from the case at bar, which concerns a corporation rather than a cooperative.").[5] As a result, WFEC's suggestion that, as a categorical matter, Oklahoma will not recognize fiduciary duties by an entity in this context is unpersuasive.

PEC's suggestion to the contrary is no more compelling. As noted above, its reliance on Hargrave as suggesting a recognition of duties owed to a cooperative member entity (as opposed to its ultimate ratepayers) is an over-reading of that case. Oklahoma, like other states, has addressed in a variety of contexts the fiduciary duties and potential liability of directors or trustees to shareholders or others.[6] An assumption that the entity itself also owes broad-based fiduciary duties runs the risk of upsetting the balance struck by director-focused standards. Further, this is a dispute between substantial and legally sophisticated commercial entities. In such circumstances, Oklahoma has been reluctant to create tort remedies to supplement those arising out of the agreement of the parties.[7] These considerations suggest

---

[5]*Hargrave concluded that the trustees of a cooperative have fiduciary duties to the ratepayers. Wilson concluded that the directors of a public utility do not owe fiduciary duties to the ratepayers of the utility (as opposed to the corporation and its shareholders).*

[6]*See Hargrave, 792 P.2d at 57, discussing the nature and application of the "business judgment rule."*

[7]*See generally, Rodgers v. Tecumseh Bank, 756 P.2d 1223, 1225-26 (Okla. 1988) (declining to extend tort of bad faith breach of contract to commercial (i.e. non-insurance) context); Howell v. Texaco Inc., 112 P.3d 1154, 1160-61 (Okla. 2004) (noting that oil and gas operators have no fiduciary duty to non-operators arising solely from contracts such as leases*

6

that Oklahoma would not recognize, at least as a general proposition, fiduciary duties running from a cooperative/entity to another entity situated as is plaintiff here. PEC's suggestion that Oklahoma law is flexible in the circumstances where it might recognize a fiduciary relationship and related duties is no doubt true as a general matter,[8] but it offers no meaningful analysis as to why Oklahoma would recognize such duties in the particular circumstances of this case. A plaintiff's complaint must do more than merely raise the possibility of a claim. It must allege the existence of a plausible one. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). Insofar as plaintiff's claim for breach of fiduciary duty is concerned, the amended complaint does not do so.

---

*or joint operating agreements).*

[8]*PEC cites to Lowrance v. Patton, 710 P.2d 108, 111-12 (Okla. 1985), which indicates a fiduciary relationship may arise where there is "confidence reposed on one side and resulting domination and influence on the other."*

## **CONCLUSION**

For the reasons stated, WFEC's motion to dismiss [Doc. #43] is **GRANTED**.

**IT IS SO ORDERED**.

Dated this 29th day of September, 2010.

_____
JOE HEATON
UNITED STATES DISTRICT JUDGE