## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

PEOPLES ELECTRIC COOPERATIVE,    )
                                              )
                   Plaintiff,    )
vs.                                     )          NO.  CIV-09-1129-HE
                                             )
WESTERN FARMERS ELECTRIC    )
COOPERATIVE,    )
                                              )
               Defendant.    )

## ORDER

Before the court is defendant Western Farmers Electric Cooperative's ("WFEC") motion to dismiss plaintiff People's Electric Cooperative's ("PEC") amended claim for breach of fiduciary duty.  The court previously dismissed PEC's breach of fiduciary duty claim, Doc. #51, concluding that Oklahoma would not recognize a claim for breach of fiduciary duty in the circumstances alleged in the complaint.  The court noted, however, the absence of controlling Oklahoma authority on the issue and that Oklahoma law is somewhat flexible as to the circumstances in which a fiduciary relationship might be recognized.[1]  Plaintiff was granted leave to amend its complaint to attempt to set out a basis for a breach of fiduciary duty claim.  It has filed the amended complaint to which the present motion is directed.

PEC argues that a fiduciary relationship may exist if the facts show "there is confidence reposed on one side and resulting domination and influence on the other." [Doc.

---

[1]*See* <u>Lowrance v. Patton</u>*, 710 P.2d 108, 111 (Okla. 1985), stating courts do "not set any bounds to the facts and circumstances out of which a fiduciary relationship may spring."*

#64 (citing <u>Lowrance</u>, 710 P.2d at 111)]. It argues the relationship between PEC and WFEC alleged in the amended complaint involves such trust and confidence reposed in WFEC, with resulting dominance by WFEC, relying principally on WFEC's authority to act for PEC in certain circumstances and the nature of financing arrangements in the industry.[2]

The additional allegations of the amended complaint, together with the relationship of the parties as initially alleged, do afford an arguable basis for the existence of a fiduciary relationship in these circumstances. As noted, the factors suggesting a relationship of trust and confidence are among those considered in determining whether a fiduciary relationship would be recognized. However, Oklahoma law also recognizes that contracts routinely involve some element of trust and confidence, which affects to some degree the weight to be given to that factor. *See* <u>Devery Implement Co. v. J.I. Case Co.</u>, 944 F.2d 724, 730 (10th Cir. 1991) (noting "most contracts involve a degree of factors indicative of reposed trust and confidence").

On balance, the court concludes that while the amended complaint provides some additional detail, it does not ultimately change the conclusion previously reached by the court. As noted in the court's previous order, the parties are substantial and sophisticated parties, and generally, "common commercial dealings are not subject to heightened fiduciary responsibilities." <u>Id.</u> Further, Oklahoma has been reluctant to recognize tort-based recoveries in circumstances such as this. *See* <u>Combs v. Shelter Mut. Ins. Co.</u>, 551 F.3d 991, 999 (10th

---

[2]*For instance, the alleged facts indicate WFEC is authorized to act on PEC's behalf in the purchase of electrical power, obtaining financing, and negotiations.*

Cir. 2008) ("In cases involving 'ordinary commercial contracts, a breach of [the duty of good faith and fair dealing] merely results in damages for breach of contract, not independent tort liability.'") (quoting Wathor v. Mut. Assurance Adm'rs, Inc., 87 P.3d 559, 561 (Okla. 2004)). While the question is close and Oklahoma law is not clear on the issue, the court concludes recognizing a fiduciary relationship in the circumstances here would be inconsistent with the general principles Oklahoma has applied in determining the extent of tort recoveries in similar, commercial contexts.[3]

For the reasons stated above and stated more fully in the court's prior order, the court concludes Oklahoma law would not recognize the circumstances alleged here as involving a fiduciary relationship and, accordingly, the amended complaint does not state a claim for breach of fiduciary duty. Defendant's motion to dismiss the breach of fiduciary duty claim [Doc. #59] is **GRANTED**.

**IT IS SO ORDERED**.

Dated this 4th day of March, 2011.

_____
JOE HEATON
UNITED STATES DISTRICT JUDGE

---

[3]*Of course, plaintiff's claims for breach of contract and breach of the covenant of good faith and fair dealing remain, as well as others. If established, these provide a means of recovering losses attributable to any wrongful conduct by defendant.*